NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3322

BOHDAN SENYSZYN,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

Bohdan Senyszyn, of Brooklyn, New York, pro se.

Joseph E. Ashman, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Michael F. Hertz, Deputy Assistant Attorney General, Jeanne E. Davidson, Director, and Brian M. Simkin, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3322

BOHDAN SENYSZYN,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

Petition for review of the Merit Systems Protection Board in PH-0752-05-0403-C-3.

_____

DECIDED:   July 8, 2009

_____

Before MAYER, LOURIE, and BRYSON, <u>Circuit Judges</u>.

PER CURIAM.

Bohdan Senyszyn appeals the final order of the Merit Systems Protection Board denying his petition for review of the initial decision affirming the Internal Revenue Service's ("IRS") action in maintaining his indefinite suspension after resolution of the criminal charges against him for the purpose of effectuating his removal from service. <u>Senyszyn v. Dep't of Treasury</u>, No. PH-0752-05-0403-C-3 (M.S.P.B. Jan. 16, 2008). The board concluded that there was no new, previously unavailable evidence and that

the administrative judge made no error in law or regulation affecting the outcome. 5 C.F.R. § 1201.115(d). We affirm.

Senyszyn was employed as an Internal Revenue Agent with the IRS in Patterson, New Jersey. On February 15, 2005, he was arrested and charged with violating 26 U.S.C. § 7214(a)(5), which makes it a crime for a revenue agent to knowingly create an opportunity for any person to defraud the United States. The IRS proceeded to indefinitely suspend Senyszyn from employment pending further investigation or resolution of the charges against him. The notice of decision letter warned him of the possibility that a removal could be proposed prior to termination of the indefinite suspension, which would occur upon completion of the investigation or resolution of the criminal charges against him. On April 13, 2006, a Federal grand jury indicted Senyszyn on seven counts. He pled guilty to four criminal charges on September 20, 2007, including, inter alia, tax evasion and preparing a false tax return in violation of 26 U.S.C. § 7214(a)(7). Nineteen days after his guilty plea, the IRS proposed his removal from service.

On appeal, Senyszyn argues that under the express terms of the notice letter accompanying his indefinite suspension, the suspension should have been terminated immediately upon the entering of his guilty plea, because the plea resolved the criminal charges against him. Senyszyn claims that by maintaining the indefinite suspension for nineteen days after resolution of the criminal charges against him, and only then proposing his removal from service, the IRS failed to comply with its own standards and improperly extended the indefinite suspension. Senyszyn does not appeal the removal

action; rather, he seeks back pay and benefits for the period of time between the resolution of the criminal charges against him and his removal.

The scope of our review in an appeal from a decision of the board is limited. Generally, we must affirm the decision unless we find it to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). The board concluded that the IRS met its burden to establish the validity of continuing Senyszyn's indefinite suspension, because (1) in the decision letter informing him of his indefinite suspension the agency notified Senyszyn of the possibility of further adverse action, and (2) the agency acted within a reasonable time after resolution of the criminal charges to initiate the removal action. Upon review of the record, it appears that Senyszyn was notified of the potential of future adverse action, specifically, removal from service, both when his indefinite suspension was proposed and initiated. In this context an agency may maintain an indefinite suspension for a reasonable time after resolution of criminal charges for the purpose of effectuating a removal from service.